Booth, Judge,
delivered the opinion of the court:
This case is here under section 2 of the Dent Act, 40 Stat. 1272. The Board of Contract Adjustment of the War Department denied relief to the plaintiff company, holding that the evidence adduced was insufficient to constitute an agreement within the meaning of the statute. On appeal to the Secretary of War the decision of the board was affirmed. ■
The record presented to the court, whatever it may have been before the board, unfolds the following uncontradicted situation: In September, 1918, the United States Housing Corporation, acting under the authority of the War Department, Construction Division, contemplated the purchase of 15,000 warm-air furnaces to be installed in houses to be erected to accommodate Government employees engaged in war work. As in cases of a similar nature, speed was an essential feature in the procurement of the furnaces. To this end the defendant adopted the expedient of allocating the order among the various manufacturers of the country engaged in this line of production, and solicited bids from them in accord with the specifications adopted and put out by the defendant for that purpose. The plaintiff company, through its personal representative then in Washington, sought to obtain an order for the manufacture of 2,000 of the 15,000 furnaces, and submitted in writing a detailed and carefully prepared offer toward that end. The defendant declined to accede to its offer in toto, but did verbally and informally award the plaintiff company a contract to manufacture 1,000 of the furnaces involved in this suit. The plaintiff company immediately, at least very soon after October 11, 1918, began the manufacture of the furnaces, and at the rate of 30 per day continued the same until an order from the defendant stopped it from so doing. On October 29, 1918, the plaintiff company received a telegraphic confirmation of the informal agreement entered into October 11, 1918. By November 6, 1918, the plaintiff company had so far completed the fulfillment of its agreement that it had on hand, ready for immediate delivery, 480 of the 1,000 furnaces ordered. On November 8, 1918, the de *71 fendant ordered the 480 completed furnaces to be transported to the Lehigh Valley Cornice Works, Bethlehem, Pa., on the dates specified in the order. The plaintiff company was proceeding to comply therewith, when suddenly requested to suspend for a time the shipment of the furnaces. This it did, with the result that some few weeks later, on November 28,1918, the defendant canceled all orders and contracts, refused to accept or pay for the 480 furnaces so ordered, and asserted then, as it does now, that no liability attaches under the contract.
There is now no room for doubt, in view of the complete record before the court, which was not before the board, that an informal and verbal contract for the manufacture of the 1,000 furnaces was entered into by the parties herein concerned. We say “ informal ” in that it did not meet the requirements of section 8744, Bevised Statutes. The defendant concedes this fact, and rests the defense upon the terms of the telegram of October 29,1918, wherein it appears that the contract was awarded upon the express understanding of a right of cancellation “ without obligation to the Government.”
The plaintiff is not seeking to recover the purchase price of the 1,000 furnaces contracted for, but is only asserting the right to be paid for the 480 furnaces ordered as set forth in Finding VII by the defendant, less their salvage value, and which it had manufactured and held subject to such order from the defendant. The plaintiff is not urging a claim for possible or prospective profits which might have accrued upon an executory contract, nor does it claim reimbursement for materials furnished and expense incurred in preparation to perform a contract. It simply wants to be compensated, under the Dent Act, for doing what it was required to do by the terms of the informal agreement, and receive pay for so much of the work completed in pursuance of such agreement. Surely it may not be said that the conditional terms found in the telegraphic confirmation of October 29, 1918, establish an unequivocal legal right to cancel an order, and burden the plaintiff with the substantial loss of all compensation due it under a contract, which at the *72 date of the alleged cancellation was partially complete and satisfactory and met the requirements of such order. The plaintiff company, with respect to the 480 furnaces, had done all that the contract required. There was nothing in the terms of the informal agreement that required it to do more. The defendant recognized this and directed their disposal; it ordered the plaintiff to ship them to certain points at certain times, thus expressly recognizing the completion fro tanto of the informal agreement, and accepting, so far as it was possible to accept, the articles called for by the agreement. Graves v. Hepke, 2 B. & A. 131.
The case seems to us to fall clearly within the terms and intent of the Dent Act. Provision is made in its enacting clause for compensating contractors who have in good faith “ performed in whole or in part ” any agreement not executed in the manner provided by law.
The plaintiff exaggerates somewhat its claim for damages. We can not allow interest. (Sec. 177, Judicial Code.) Neither may we allow hotel and traveling expenses. The judgment must be confined to the value of the furnaces and cost of storage, less the salvage obtained. Whatever else might be said with reference to insurance, we must dismiss this claim because of lack of proof to sustain it.
The plaintiff company sold all of said furnaces for $21,-751.84. The defendant suggests by subtle innuendo that this transaction was not free from criticism. To this contention we can not assent. There is nothing in the record to challenge the uprightness of the same; in fact, in view of the circumstances surrounding the transaction we think it commendable. To obtain more than 50 per cent of the contract price as salvage for an article not commercially valuable is manifestly suggestive of a spirit of fair play.
Judgment will be awarded the plaintiff in the sum of $18,-086.40. It is so ordered.
Hat, Judge; DowNet, Judge, and Campbell, Chief Justice, concur.