Hay, Judge,
delivered-the opinion of the court:
This is a suit brought by the plaintiff against the United States upon several contracts. The contracts were informal, and the plaintiff is relying for recovery upon the provisions of the Dent Act, 40 Stat. 1272.
*696 A great many items are claimed by the plaintiff, and the United States claims that the plaintiff has been paid in full and files a counterclaim.
The court has disallowed some of the items of the plaintiff’s claim, and has found that the plaintiff is indebted to the United States in the sum of $187,645.40. The items which the court has disallowed amount to the sum of $363,180.89, and are set out in Findings VIII, IX, X, XI, XII, XIV, XVI, XVII, XIX, XXVI, XXXIII, XXXIV, XXXVI, XLIV, and XLVIII.
Findings VIII and XXXIII set out the claim of the plaintiff for power expense. The amounts paid by the plaintiff on this account were paid after the termination of the contract, and most if not all of it was used by the plaintiff in its commercial work. The plaintiff had a contract with the power company, which it could have canceled after the termination of its contract with the United States, and it was its duty to do so so far as the United States was concerned. This expense does not appear to be remuneration for expenditures, obligations, or liabilities necessarily incurred in performing or preparing to perform the contract.
Findings IX, X, XIII, XIV, and XVII deal with expenditures made by the plaintiff for tools and machine repair parts, facilities, patterns, drafting, and legal expenses. The claim is that if the contract had been completed the uncompleted portion would have absorbed the amounts claimed. Thus it appears in Finding IX that the plaintiff expended for tools and machine repair parts to be used in the performance of the contract the sum of $102,840.68, and it claims that if the contract had been completed the uncompleted portion would have absorbed $32,651.91 of the sum expended. When the contract was made a termination thereof was contemplated by the parties in the event of the ending of the war. The plaintiff must have anticipated the risks of this contingency. The plaintiff, when it entered into the contract, assumed this possible liability. The Government can not be called upon to recompense the plaintiff for a loss which after all can only be guessed at, as there is nothing to show what the salvage value of the tools and machine repair parts was. Moreover, to allow this claim would be in effect *697 to allow anticipated profits, as in substance the contention is-that if the contract had been completed the profit on the completed units would have been greater, and to require the Government to pay it would be to increase the profit on these units to that extent. The Dent Act, upon which the plaintiff relies, especially prohibits the granting of prospective or possible profits.
As to the claim set out in Finding X, the same principle applies, and, furthermore, under the contract the Government was only obligated to expend $420,000 for increased facilities. If the plaintiff spent more it did so at its own risk. Barrett Company v. United States, No. A-107, ante, p. 343.
The claims set out in Findings XIII, XIY, and XVII are governed by the same principles as those which have been applied to the claim set out in Finding IX.
The claim set out in Finding XYI is, in our opinion, clearly one for anticipated profits and can not be allowed. Russell Motor Car Co. v. United States, 261 U. S. 514; Savage Arms Corporation v. United States, 57 C. Cls. 71, 85, 86; Meyer Scale and Hardware Co. v. United States, 57 C. Cls. 26, 51; Duesenberg Motors Corporation v. United States, 260 U. S. 115, 124, where it is said by the court, “ It was the abrupt and unexpected suspension of hostilities and the declaration of an armistice that was the cause of loss to the contractor, and the disappointment of profits from its contracts which it was preparing to realize and would have realized. But it took that chance and has not now a legal claim against the Government for reimbursement of its outlays.” And this principle applies with equal force to the items of profits heretofore discussed.
The items disallowed in Finding XIX are items of ten per cent on claims disallowed in Findings IX, X, XIII, XIV, XVI, and- XVII, and the same principles are applicable.
Findings XXVI and XLVIII are claims for expert accountant and other services and expenses in the preparation and presentation of the claims of the plaintiff against the Government on account of its contracts and their termination by the Government. It seems to us that the mere state *698 ment of this claim is enough to refute it. There is certainly nothing in the contract which can justify holding the Government liable for expenses incurred by the plaintiff in getting; ready to prefer its claim. If such a charge is to be allowed, then the Government has the same right and could with equal force insist upon being paid for any expense which it may have incurred in preparing and presenting its case against the plaintiff.
Finding XXXYI sets out items which may be denominated termination expenses. These items were not for “ expenditures and obligations or liabilities necessarily incurred in performing or preparing to perform” the contract. Nor were they made or incurred prior to November 12, 1918. The Dent Act can not be invoked to uphold a claim of this character. Price Fire & Water Proofing Company v. United States, 261 U. S. 179, 183.
Findings XI, XXXIY, and XLIY set out items of interest which the plaintiff claims. Section 177 of the Judicial Code provides: “ No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims unless upon a contract expressly stipulating for the payment of interest.” See Tillson v. United States, 100 U. S. 43. No interest was stipulated in the contract. Section 2 of the Dent Act, which confers jurisdiction upon this court to “ find and award fair and just compensation,” can not be construed to repeal section 177 of the Judicial Code. The Dent Act is in effect a jurisdictional act granting rights to persons who without it would have no rights, and it can not be regarded as taking all the cases for which it provides out of the usual rule. It does not confer upon the court a discretion, “but the same principles of jurisprudence and the same statutory regulations as to practice are to be applied here that would be if the case had come into the court under its general jurisdiction.” Williamson Heater Co. v. United States, 58 C. Cls. 63, 72; Austin Co. v. United States, 58 C. Cls. 98, 137.
We have allowed the plaintiff the items set out in Findings XXY and XLVII. These items are not allowed under the Dent Act, for they were not made or incurred prior to November 12, 1918; but the plaintiff furnished the services *699 and materials at the request of the Government, and the plaintiff is entitled to recover the said sums for the services performed and the materials furnished.
The jsetition of the plaintiff must be dismissed, and a judgment will be entered in favor of the United States for the sum of $187,645.40.
GRAham, Judge; Dowxnx, Judge; Booth, Judge; and Campbell, Chief Justice, concur.